Timothy Stubson, Bar No. 6-3144
Brown, Drew & Massey, LLP
159 N. Wolcott, Suite 200
Casper, WY 82601
Phone: 307.234.1000
Fax: 307.265.8025

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
MAY 18 2011
Stephan Harris, Clerk
Casper

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

DATS TRUCKING, INC. a Utah corporation,

Plaintiff,

v.

RED EAGLE OIL, INC. a Wyoming corporation; BRYAN HINZE, individually, a resident and citizen of Wyoming; and DALE HINZE, individually, a resident and citizen of Wyoming

Defendants.

Case No.: 11 CV 0193 F

COMPLAINT

Plaintiff, DATS Trucking Inc., a Utah corporation, by and through its attorneys, Brown, Drew & Massey, LLP presents the following as its complaint against Defendants, Red Eagle Oil, Inc., a Wyoming corporation, Bryan Hinze and Dale Hinze.

PARTIES

1. Plaintiff, DATS Trucking, Inc. ("DATS") is a corporation organized under the laws of the State of Utah with its principal place of business located in Hurricane, Utah. At all times relevant to this matter, DATS was in the business of delivering petroleum products and delivered those products to customers in Wyoming.

2. Defendant, Red Eagle Oil, Inc. ("Red Eagle Oil") is a corporation organized under the laws of Wyoming with its principal place of business located in Cody, Wyoming.

Receipt # CAD 759
Summons: 3 issued
not issued

3. Defendants, Bryan Hinze and Dale Hinze (the "Guarantors") are residents and citizens of the State of Wyoming, and are domiciled in the State of Wyoming.

JURISDICTION

4. The parties are of diverse citizenship.

5. The amount in controversy exceeds the jurisdictional minimum for this court.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

VENUE

7. The claims forming the basis of this complaint, or a significant portion thereof, arose in that geographical area which is contained within the federal judicial district known as the District of Wyoming.

8. For venue purposes, Red Eagle Oil and the Guarantors reside in that geographical area which is contained within the federal judicial district known as the District of Wyoming.

9. Venue is properly in this Court pursuant to 28 U.S.C § 1391.

FACTS COMMON TO ALL CLAIMS

10. On October 1, 2004 DATS entered into a Credit Agreement ("the Agreement") with Red Eagle Oil setting forth the terms and conditions upon which DATS would extend credit to Red Eagle Oil for petroleum deliveries made by DATS. A true and correct copy of the Agreement is attached hereto as Exhibit A.

11. On October 1, 2004 the Guarantors, who are the President and Vice-President of Red Eagle Oil, promised to be guarantors for Red Eagle Oil of all its present and future obligations and indebtedness to DATS.

12. Pursuant to the Agreement, Red Eagle Oil agreed to make payments to DATS for the delivery of petroleum products.

COUNT I

(Breach of Contract- All Defendants)

13. DATS incorporates and realleges paragraphs 1 through 12 as though fully set out hereunder.

14. Red Eagle Oil and DATS entered into an agreement that required Red Eagle Oil to pay for petroleum products delivered by DATS.

15. Red Eagle Oil also agreed that if it failed to make payments as required it would be subject to late fees and interest accruing at a rate of 18% per annum.

16. Red Eagle Oil agreed that if it became delinquent on any amounts due and owing to DATS that Red Eagle would be responsible for all reasonable attorneys' fees and other costs of collection.

17. The Guarantors signed the agreement as guarantors for all amounts due and owing by Red Eagle Oil.

18. Red Eagle Oil breached the Agreement by failing to make the required payments under the Agreement to DATS.

19. Guarantors have breached the Agreement by failing to pay the amounts owed to DATS by Red Eagle Oil.

20. DATS has been injured by the breach in an amount to be proven at trial.

COUNT II

(Unjust Enrichment Red Eagle Oil)

21. DATS incorporates and realleges paragraphs 1 through 20 as though fully set out hereunder.

22. DATS provided valuable product to Red Eagle Oil.

23. The product provided benefited Red Eagle Oil.

24. The product was provided under circumstances that reasonably notified Red Eagle Oil that DATS would expect payment for the product.

25. Red Eagle Oil was unjustly enriched to the degree that it received the benefits of the use of the product, but failed to pay for the product.

26. DATS is entitled to damages in the amount that Red Eagle Oil has been unjustly enriched.

WHEREFORE, DATS prays that this Court:

1. enter judgment in its favor and jointly and severally against the Defendants in an amount to be proven at or prior to trial,
2. enter a judgment awarding attorneys' fees and both prejudgment and post judgment interest,
3. enter a judgment awarding attorneys' fees and costs,
4. award such other and further relief as shall be just and equitable.

DATED this 18th day of May, 2011.

DATS TRUCKING, INC.

By: ______________________

Timothy Stubson, Bar No. 6-3144
Brown, Drew & Massey, LLP
Ohio Oil Building
159 North Wolcott Street, Suite 200
Casper, WY 82601
Tel: (307) 234-1000
Fax: (307) 265-8025