IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUL 21 2011

Stephan Harris, Clerk
Cheyenne

| | |
|---|---|
| DATS TRUCKING, INC. a Utah corporation, | |
| Plaintiff, | |
| vs. | Case No. 11-cv-193 |
| RED EAGLE OIL, INC. a Wyoming corporation; BRYAN HINZE, individually, a resident and citizen of Wyoming; and DALE HINZE, individually, a resident and citizen of Wyoming, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AGAINST RED EAGLE OIL**

Plaintiff DATS Trucking, Inc. (DATS Trucking) brings a motion for summary judgment seeking to collect a debt owed by Red Eagle Oil, Inc. (Red Eagle) under terms of a Credit Agreement for deliveries of petroleum products made by DATS Trucking to Red Eagle. Finding no disputed questions of fact, the Court grants summary judgment in favor

of DATS Trucking and against Red Eagle for $1,298,327.66 as the contract amount owed, plus interest accruing at the contract rate of 18% per annum since April 22, 2011, plus attorneys' fees and costs.

**BACKGROUND**

On October 1, 2004, Red Eagle applied for credit with DATS Trucking,[1] inserting "200K" as its response to the application field entitled "Credit Limit Desired." Doc. 11-1. The "Terms and Conditions of Granting of Credit" (Credit Agreement) specify, "[i]f credit is granted, Red Eagle Oil, Inc. (Name of Entity) ('Credit Applicant') . . . agree[s] to pay all statements in accordance with the terms of Overland Petroleum, Inc's ('Overland') monthly invoice ('invoice'), including payment within times specified in the invoice, late fees, and interest accruing at the rate of eighteen percent (18%) per annum for delinquent accounts." *Id.* Red Eagle agrees that the Credit Agreement is a contract between it and DATS Trucking. Doc. 13, p.2.

By affidavit, Mr. Ipson, the vice president of DATS Trucking, asserts that DATS Trucking delivered petroleum products to Red Eagle under the terms of the Credit

---

[1] Red Eagle applied for credit with "DATS Trucking/Overland Petroleum." The record is unclear as to the relationship between Overland Petroleum and DATS Trucking. However, Red Eagle does not contest that the Credit Agreement is a contract between it and DATS Trucking.

Agreement, and invoiced Red Eagle for the deliveries. Doc. 11-2, ¶ 5. Ipson further states that Red Eagle paid a portion of the invoices and then failed to pay for a number of deliveries. *Id.* at ¶¶ 6-7. Finally, Ipson calculates that, as of April 22, 2011, Red Eagle owed DATS Trucking $1,298,327.66 on the unpaid invoices, plus interest. *Id.* at ¶¶ 8-9.

In response, Red Eagle argues that the affidavit statements are unsubstantiated and that the "$200K" which was inserted in response to "credit limit desired" is a limitation to the Credit Agreement, limiting Red Eagle's exposure under the Credit Agreement to $200,000 for breach of contract purposes. Finally, Red Eagle argues that the equitable unjust enrichment claim is not supported in that there is an admitted contract at issue in the proceedings.

## DISCUSSION

Summary judgment is appropriate where the movant has demonstrated that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1207-08 (10th Cir. 2010). As a general matter, the summary judgment movant has the burden to produce evidence supporting its claims. *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010). If the movant does so, the burden of production shifts to the party opposing summary judgment to demonstrate that a genuine issue of material fact exists. *Id.* At all times, the Court must

view the evidence in the light most favorable to the party opposing summary judgment. *Id.* at 1168. However, to defeat summary judgment, a the party opposing the motion must support the claim with more than conjecture and speculation. *Self v. Carum*, 439 F.3d 1227, 1236 (10th Cir. 2006). There is a genuine issue of material fact if a reasonable jury could find in favor of the non-moving party. *Id.* at 1169. In addition, the Court may only consider evidence that is admissible at trial—inadmissible evidence should be disregarded. *Johnson*, 594 F.3d at 1209.

"A federal Court sitting in diversity must ascertain and apply state law to reach the result the Wyoming Supreme Court would reach if faced with the same question." *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). Therefore, Wyoming law applies in interpreting the contract at issue.

For contract interpretation, the primary focus is on determining the intent of the parties to the contract. *Knight v. TCB Const. and Design, LLC*, 248 P.3d 178, 181 (Wyo. 2011). As instructed in *Knight*, "[t]he initial question is whether the language of the contract is clear and unambiguous. If it is, then the trial court determines the parties' intent from the contract language alone. It does not consider extrinsic evidence, although it may consider the context in which the contract was written, including the subject matter, the purpose of the contract, and the circumstances surrounding its making, all to help ascertain what the parties

intended when they made the contract. The trial court then enforces the contract in accordance with the plain meaning its language would be given by a reasonable person. All of these issues—deciding whether a contract is unambiguous, determining the parties' intent from the unambiguous language, and enforcing the contract in accordance with its plain meaning—involve questions of law for the trial court." *Id.*

In this case, no party argues that the contract is ambiguous, and the Court concludes it is not. The Credit Agreement provides that if credit is granted, Red Eagle agrees to pay the invoices according to their terms. The Credit Agreement is not limited by the credit application, nor is it limited by Red Eagle's stated desire within the credit application for credit up to the amount of "$200K." Red Eagle could have limited its credit to the desired amount by not ordering product in excess of that amount. Once product was ordered, delivered and accepted, under the unambiguous terms of the Credit Agreement, payment is due.

Red Eagle provides no authority for its argument that its exposure is limited by the Credit Agreement, and none is identified by this Court. The cases the Court has been able to locate concern guarantors. Even in those cases, the general rule is that the specification of the amount of credit to be extended is only indicative of an intention to limit the amount of the <u>guarantor's</u> liability, and is not indicative of an intent to limit the amount of credit

which may be extended to the debtor. *See, Extension of Net Credit in Excess of Specified Amount as Discharging or Releasing Guarantor*, 57 A.L.R.2d 1209 (collecting cases). Therefore, neither Red Eagle's credit nor its obligations to DATS Trucking is limited under the terms of the Credit Agreement.

Red Eagle next argues that the Court should disregard the affidavit of Danny Ipson, vice president of DATS Trucking because Ipson failed to include documentary evidence in support of his statements that Red Eagle accepted deliveries, failed to pay for them, and has an amount due of $1,298,327.66. The Court understands this argument to be one that asserts facts are genuinely disputed. However, Red Eagle fails to comply with Rule 56(c)(1) which provides:

> (1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1) (effective December 1, 2010).

Red Eagle provides no citation to material in the record to suggest that the unpaid credit balance is genuinely disputed. While Red Eagle argues that the Ipson affidavit

contains conclusory statement, the Court disagrees. The amount referenced by Ipson is a statement of fact, as are his statements that petroleum products were delivered to Red Eagle and Red Eagle failed to pay the full invoice amounts. Red Eagle also argues that the affidavit is flawed because no supporting documentary evidence is attached. However, Mr. Ipson's declarations are made by a person in a position as vice president of DATS Trucking, and he affirmatively states that he is familiar with Red Eagle and its business relationship with DATS Trucking. Red Eagle makes no argument that the affidavit is not based on Ipson's personal knowledge, or that it sets out facts that would be inadmissible in evidence. Therefore, the affidavit complies with Federal Rule of Civil Procedure 56(c)(4). Red Eagle also makes no argument that it cannot present facts essential to justify its opposition. Rather, Red Eagle has apparently chosen not to present opposing facts by affidavit, documents or declaration.

This Court concludes that Mr. Ipson's testimony, which is otherwise admissible, need not be disregarded simply because it contains evidence that also may appear in written documents that are not attached to the affidavit. *See, e.g., Birmingham v. Experian Information Solutions, Inc.*, 633 F.3d 1006, 1012 at fn. 1 (10th Cir. 2011)(citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 2722 at 381 (1998)).

## ORDER

For all of the above stated reasons, the Court finds that Defendant Red Eagle Oil, Inc. has failed as a matter of law to demonstrate a genuine issue of material fact as to its obligations under the Credit Agreement with DATS Trucking, Inc. for the delivery of petroleum products. Given this conclusion, the Court need not address DATS Trucking's claim of unjust enrichment.

For this reasons it is hereby **ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED** against Red Eagle Oil, Inc. for $1,298,327.66 as the amount owed under the Credit Agreement for unpaid invoices for the delivery of petroleum products, plus interest accruing at the contract rate of 18% per annum since April 22, 2011, plus attorneys' fees and costs.

Dated this 21 day of July, 2011.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE